Filed 2/10/14  P. v. Berner CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040079 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1356190) |
| v. | |
| CHRISTOPHER DEWEY BERNER, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Christopher Dewey Berner pleaded no contest to failing to update his sex offender registration within five working days of his birthday. (Pen. Code, §290.012, subd. (a).)[1]  In accordance with the plea agreement, the trial court suspended imposition of sentence, placed defendant on probation on the condition that he serve 90 days in the county jail, and stayed the jail term while defendant was on electronic monitoring.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court. Appointed counsel has filed an opening brief that states the case and facts but raises no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30-day period has elapsed and we have received no response from defendant.

---

[1]  All statutory references hereafter are to the Penal Code unless otherwise indicated.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II. FACTUAL AND PROCEDURAL BACKGROUND

In this case, no preliminary hearing was conducted and the waived referral report submitted by the probation officer did not include a summary of the facts of the instant offense.

Defendant was required to register as a sex offender pursuant to section 290 based on a prior felony conviction for possession of child pornography in violation of section 311.11, subdivision (a). The felony complaint filed on May 3, 2013, charged defendant with one count of willfully failing to update his sex offender registration within five working days of his birthday. (§290.012, subd. (a).)

On June 4, 2013, defendant entered into a plea agreement whereby he pleaded no contest to the charge of violating section 290.12, subdivision (a) in exchange for three years of probation, 90 days on the electronic monitoring program, and a continuing obligation to register. During the hearing held on August 9, 2013, the trial court denied defendant's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and also denied defendant's motion to withdraw his plea.

The sentencing hearing was also held on August 9, 2013. The trial court suspended imposition of sentence, placed defendant on probation for three years on the condition that he serve 90 days in the county jail, and stayed the jail term while defendant was on electronic monitoring. Due to defendant's economic status, the trial court stated on the record that the court declined to impose a restitution fine (§ 1202.4, subd. (b)(2)) and suspended a $240 parole revocation restitution fine (§ 1202.45). The minute order of

2

August 9, 2013, indicates that both fines were waived. The court also ordered payment of a court security fee of $40 (§ 1465.8, subd. (a)(1)), a criminal conviction assessment fee of $30 (Gov. Code, § 70373), and a criminal justice administration fee of $129.75 to the City of San Jose (Gov. Code, § 29550.2). Additionally, the court directed that the the probation supervision fee not exceed $35 per month.

## III. APPEAL

On August 16, 2013, defendant filed a notice of appeal challenging the validity of the plea. The trial court granted defendant's request for a certificate of probable cause, which stated: "The defendant believes that the judge abused his discretion in denying the motion to withdraw the plea based on ineffective assistance of trial counsel. The defendant believes that trial counsel was not competent in advising the defendant to enter a plea of guilty and in investigating and preparing the case. Thus the plea was also improperly induced by representations which interfered with the defendant's ability to make informed decisions. These issues go to the legality of the proceedings and may be reviewed on appeal. [Citations.]"

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV. DISPOSITION

The judgment is affirmed.

3

_____

BAMATTRE-MANOUKIAN,  ACTING  P.J.

WE CONCUR:

_____

MIHARA,  J.

_____

GROVER,  J.